GARMAN TURNER GORDON LLP
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail: ghamm@gtg.legal
MARK M. WEISENMILLER
Nevada Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>GUMP'S CORP.,<br><br>          Debtor. | Case No.: BK-S-18-14684-leb<br>Chapter 11<br><br>Joint administration requested<br><br>Hearing Date: **OST REQUESTED**<br>Hearing Time: **OST REQUESTED** |

**MOTION FOR ADMINISTRATIVE ORDER ESTABLISHING**
**PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND**
<u>**REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**</u>

Gump's Holdings, LLC, Gump's Corp., and Gump's By Mail, Inc. (collectively, "<u>Debtors</u>"),[1] debtors and debtors-in-possession, hereby respectfully submit this *Motion for Administrative Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "<u>Motion</u>"), requesting entry of an order establishing procedures for interim compensation and reimbursement of expenses of estate Professionals (as defined herein) on a monthly basis.

This Motion is made and based upon the following Memorandum of Points and Authorities, the declaration of Tony Lopez in support of Chapter 11 petitions and first day

---

[1] Contemporaneously herewith, each Debtor has filed an application for an order jointly-administering the Chapter 11 cases, with Gump's Holdings, LLC as the lead case.

motions (the "First Day Decl.") and William M. Noall, Esq. (the "Noall Decl.") each filed herewith, as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Motion.

## I. INTRODUCTION

1. On August 3, 2018 (the "Petition Date"), each of the Debtors commenced a voluntary case under Chapter 11 of the Bankruptcy Code, commencing the chapter 11 cases (the "Chapter 11 Cases"). Contemporaneously with the filing of the voluntary petitions, Debtors filed an application for an order to jointly administer the Chapter 11 Cases, with Holdings denominated as the lead case.

2. Debtors continue to operate their businesses and manage their property as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108.

3. No request has been made for the appointment of a trustee or examiner and no official committees have been appointed in the Chapter 11 Cases.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5. The statutory basis for the relief sought herein arises from Sections 105(a), 331, 1107(a), and 1108, and Bankruptcy Rule 2016(a).

6. Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. Pursuant to Local Rule 9014.2, Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

. . .

4816-0839-5374, v. 1

# III.
# BACKGROUND

8. Established in 1861 by the Gump family as a frame and mirror shop, Gump's expanded its offerings in the late 19th century to sell moldings, gilded cornices, and European art to those made wealthy by the California Gold Rush. After rebuilding following the 1906 earthquake, Gump's began selling fine rugs, porcelain, silks, bronzes, and jade imported from the Far East, ultimately becoming a distinctive luxury home furnishings and décor retailer known for its fine art, jewelry, antiques, and personalized service. Because Gump's specializes in unique, one-of-a-kind items, it does not have any real direct competitors. See First Day Decl., ¶ 7.

9. Retail operates the flagship Gump's department store at 135 Post Street near Union Square in San Francisco, California (the "Store"), which also houses the Debtors' corporate offices. See id., ¶ 8.

10. With certain exceptions, "direct to consumer" sales, consisting of catalog and e-commerce sales, are fulfilled from the company's distribution center located at 10400 Marina Drive, Olive Branch, Mississippi, which is operated by Direct. Direct also feeds inventory to the Store in San Francisco. See id., ¶ 11.

11. Due to their severely limited working capital and consistent with their duties to their estates, Debtors must rigorously limit administrative costs in these Chapter 11 Cases in order to ensure administrative solvency and achieve any distribution to unsecured creditors. See id., ¶ 62.

12. On a consolidated basis, Debtors have approximately 9,500 potential creditors. See id.

# IV.
# RELIEF REQUESTED

13. Debtors have filed or will file applications to employ professionals on behalf of the estate (the "Professionals"), including, but not necessarily limited to, Garman Turner Gordon LLP, its reorganization counsel.

4816-0839-5374, v. 1

14. By this Motion, Debtors request entry of an order authorizing and establishing procedures for interim compensation and reimbursement of expenses of Professionals on a monthly basis, and comparable to those procedures established in other large Chapter 11 cases filed in this District and the Ninth Circuit. Such an order would enable this Court and all other parties to monitor the Professionals' fees incurred in this Chapter 11 Case more effectively. See First Day Decl., ¶ 70. See Noall Decl., ¶ 3.

15. Debtors also propose that any Professionals approved by the Court, except as otherwise ordered by the Court, be required to adhere to the procedures set forth herein for compensation and approval of their fees. Debtors further propose that all other persons or professionals (other than the Professionals) seeking compensation pursuant to Section 503(b) of the Bankruptcy Code be required to adhere to the procedures set forth herein for compensation and approval of their fees except as otherwise ordered by the Court. See First Day Decl., 71.

## V.
## PROPOSED PROCEDURES

16. Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

   a. On or before the 15th day of each month following the month for which compensation is sought, each Professional will submit, *via* e-mail, a monthly statement (the "Statement") to Debtors, Attn: Tony Lopez (tlopez@gumps.com); Debtors' bankruptcy counsel, Garman Turner Gordon LLP, Attn: William M. Noall, Esq. (wnoall@gtg.legal); the Office of the United States Trustee for the District of Nevada, Las Vegas, Attn: edward.m.mcdonald@usdoj.gov; counsel to Sterling Business Credit, LLC, Law Offices of Judith W. Ross, Attn: Judith W. Ross, Esq. (judith.ross@judithwross.com); and counsel to any official committee(s) established, if ever, pursuant to Section 1102 of the Bankruptcy Code; and such other persons or entities as ordered by the Court (each, a "Reviewing Party," and collectively, the "Reviewing Parties").

   To the extent applicable, each such statement shall contain a detailed itemization of fees and costs as required by the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under Section 330. Each Reviewing Party will have 15 days after receipt of a Statement to review it. At the expiration of this 15-day review period, Debtors will promptly pay 80% of the fees and all of the disbursements requested in such Statement, except

4816-0839-5374, v. 1

such fees or disbursements as to which an objection has been served by a Reviewing Party as provided in subparagraph (b) below.

b. If a Reviewing Party objects to the compensation or reimbursement sought in a Statement, the objecting party shall, within 15 days of the receipt of the Statement, serve via e-mail upon all other Reviewing Parties a written "Notice of Objection to Fee Statement" (the "Objection Notice") setting forth the precise nature of the objection and amount at issue. Thereafter, the objecting party and the Professional whose Statement is the subject of an Objection Notice shall attempt to reach a resolution. If the parties are unable to reach an agreement on the objection within ten (10) days after receipt of such objection, the Professional whose Statement is objected to shall have the option of (i) filing the Objection Notice with the Court, together with a request for payment of the disputed amount, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the issue if payment of the disputed amount is requested. Debtors will be required to pay any portion of the fees and disbursements requested that are not the subject of an Objection Notice promptly.

c. If these procedures are approved, the Professionals would be required to submit their first Statement on or before September 15, 2018. This Statement would cover the period from the Petition Date through August 31, 2018.

d. After the first 120 days after the Petition Date, and at 120-day intervals thereafter, each of the Professionals shall file with the Court and serve on the other Reviewing Parties, and any other party who requested special notice in this Chapter 11 Case, an application pursuant to Section 331 for interim Court approval and allowance of the compensation and reimbursement of expenses requested for the prior 120 days. The first such application shall be filed on or before January 1, 2019, and shall cover the period form the Petition Date through November 30, 2018. Any Professional who fails to file an application when due shall be ineligible to receive further interim payment of fees and expenses as provide herein until such time as the application is submitted.

e. The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

f. Neither the payment of, not the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

4816-0839-5374, v. 1

17. Debtors also request that the Court limit the notice of hearings to consider interim fee applications to only the Reviewing Parties and the Limited Service Lists (defined in the Notice Procedures attached as Exhibit A to Exhibit 1 to the *Motion for Order Pursuant to 11 U.S.C. §§ 102 and 105, Bankruptcy Rules 2002, 9007, and 9036 and Local Rule 1007 Authorizing the Establishment of Certain Notice Procedures and Approving the Publication Notice* filed herewith). See First Day Decl., 72.

18. Nothing contained herein, or any payment made under the proposed procedures herein, is intended or shall be construed as (i) an admission as to the validity of any claim against Debtors, (ii) a waiver of Debtors' or any party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under Section 365. See id., ¶ 74.

## VI.
## LEGAL ARGUMENT

Section 331 of the Bankruptcy Code provides as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, ***or more often if the court permits***, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331 (emphasis added). In short, absent an order of this Court, Section 331 limits the Professionals rendering services in Debtors' Chapter 11 Cases to quarterly payment of fees and expenses.

Section 105(a), however, provides as follows: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, in enacting Section 331, Congress indicated as follows:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is

4816-0839-5374, v. 1

> authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 300 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

As such, courts regularly enter orders establishing professional compensation procedures that vary from those procedures set forth in Section 331, including specifically interim monthly payments in large and/or complex cases. See United States Trustee v. Knudsen Corp. (In re Knudsen Corp.), 84 B.R. 668 (B.A.P. 9th Cir. 1988); Commercial Consortium of Cal., 135 B.R. 120 (Bankr. S.D. Cal. 1991). Knudsen provides that professional compensation procedures substantially similar to those requested herein may be authorized to the extent that the Court finds: (1) the case to be unusually large such that an exceptionally large amount of fees accrue each month; (2) the extended period for payment may place an undue hardship on counsel; (3) the fees distributed to the professionals would be easily recoverable by the estate;[2] and (4) the fee retainer procedure will be subject of a noticed hearing prior to any payment. Accordingly, the procedures for the payment of Professionals requester herein are appropriate under the circumstances.

Moreover, the Bankruptcy Court for the District of Nevada routinely grants interim monthly compensation procedures consistent to those which the Debtor seeks herein. See In re Riviera Holdings Corporation, Case No. 10-22910-LBR, ECF No. 148 (Bankr. D. Nev. 2010); In re Zante, Inc., Case No. 09-50746-GWZ, ECF No. 305 (Bankr. D. Nev. 2009); In re Lake at Las Vegas Joint Venture, LLC, Case No. BK-S-08-17814-LBR, ECF No. 490 (Bankr. D. Nev. 2008); In re Aladdin Gaming, LLC, Case No. BK-S-01-20141-RCJ, ECF No. 328 (Bankr. D.

---

[2] The Knudsen court stated that,

> the ability to recover fees may be assured by a variety of methods including, without limitation, the following: retainer payments are for only a percentage of the amount billed so that the likelihood or necessity of repayment is minimal; counsel can post a bond covering any possible reassessment; counsel's financial position makes it certain that any reassessment can be repaid; funds paid prior to allowance are held in a trust account until a final or interim fee allowance is made.

See Knudsen, 84 B.R. at 672.

4816-0839-5374, v. 1

Nev. 2001); In re Fitzgeralds Gaming Corp., Case No. BK-N-00-33467-GWZ, ECF No. 222 (Bankr. D. Nev. 2000).

Here, the Chapter 11 Cases will generate and require a substantial volume of professional work, and thereby the accrual of fees by Debtors' Professionals in amounts large enough to unduly burden the Professionals during the extended period before payment.  See Noall Decl., ¶ 4.  Moreover, in light of the financial positions of the Professionals, to the extent necessary, fees would be easily recoverable.  See id., ¶ 5.  Finally, the requested procedures herein will enable all parties to monitor costs of administration, maintain level cash flow, and implement efficient cash management procedures.  See First Day Decl., ¶ 74; Noall Decl., ¶ 6.  Therefore, granting the Motion is warranted.

## VII.
## CONCLUSION

WHEREFORE, Debtors respectfully request that the Court enter an order, in the form attached hereto as **Exhibit 1**, establishing the requested procedures for interim monthly compensation and reimbursement of expenses of Professionals and related relief.  Debtors also request such other and further relief as is just and proper.

DATED this 7th day of August, 2018

        GARMAN TURNER GORDON LLP

        By: */s/ Mark M. Weisenmiller*
            WILLIAM M. NOALL
            GABRIELLE A. HAMM
            MARK M. WEISENMILLER
            650 White Drive, Suite 100
            Las Vegas, Nevada 89119
            *[Proposed] Attorneys for Debtor*

4816-0839-5374, v. 1

# EXHIBIT 1

# EXHIBIT 1

GARMAN TURNER GORDON LLP
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail:  wnoall@gtg.legal
GABRIELLE A. HAMM
Nevada Bar No. 11588
E-mail:  ghamm@gtg.legal
MARK M. WEISENMILLER
Nevada Bar No. 12128
E-mail:  mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>GUMP'S CORP.,<br><br>　　　　　Debtor. | Case No.: BK-S-18-14684-leb<br>Chapter 11<br><br>Joint administration requested<br><br>Hearing Date:<br>Hearing Time:<br>Location: |

**ORDER GRANTING MOTION FOR ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND <u>REIMBURSEMENT OF EXPENSES OF PROFESSIONALS</u>**

Gump's Holdings, LLC, Gump's Corp., and Gump's By Mail, Inc. (collectively, "<u>Debtors</u>"), debtors and debtors-in-possession, filed their *Motion for Administrative Order*

4828-7651-7486, v. 1

*Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "Motion")[1], [ECF No. ___] on August 7, 2018.

The Motion came on for hearing before the above-captioned Court on _____ at ____ and all appearances were duly noted on the record. The Court reviewed the Motion and the other pleadings on file and heard and considered the arguments of counsel. The Court stated its findings of fact and conclusions of law on the record at the hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule[2] 9014. It appearing that the relief requested is necessary to preserve Debtors' ongoing operations, and is in the best interest of the Debtors, the estates, and creditors; and in the light of the circumstances and the nature of the relief requested; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is granted in its entirety;

2. The term "Professionals" (or individually, a "Professional") as set forth herein shall include all estate professionals, except as may otherwise be ordered by the Court;

3. The monthly payment of compensation and reimbursement of expenses of the Professionals shall be as follows:

   a. On or before the 15th day of each month following the month for which compensation is sought, each Professional will submit, *via* e-mail, a monthly statement (the "Statement") to Debtors c/o Tony Lopez (tlopez@gumps.com); Debtors' bankruptcy counsel, c/o William M. Noall, Esq. (wnoall@gtg.legal), Gabrielle A. Hamm, Esq. (ghamm@gtg.legal), and Mark M. Weisenmiller, Esq. (mweisenmiller@gtg.legal) of the law firm of Garman Turner Gordon LLP; the Office of the United States Trustee for the District of Nevada, Las Vegas, c/o _____; counsel to Sterling Business Credit, LLC, Attn: Judith W. Ross, Esq. (judith.ross@judithwross.com) of the Law

---

[1] All capitalized, undefined terms shall have the meanings ascribed to them in the Motion.

[2] Unless otherwise stated, all references to "Chapters" and "Sections" herein shall be to the Bankruptcy Code appearing in title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

4828-7651-7486, v. 1

Offices of Judith W. Ross; and counsel to any official committee(s) established, if ever, pursuant to Section 1102 of the Bankruptcy Code; and such other persons or entities as ordered by the Court (each, a "<u>Reviewing Party</u>," and collectively, the "<u>Reviewing Parties</u>").  To the extent applicable, each such statement shall contain a detailed itemization of fees and costs as required by the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under Section 330.  Each Reviewing Party will have 15 days after receipt of a Statement to review it.  At the expiration of this 15-day review period, Debtors will promptly pay 80% of the fees and all of the disbursements requested in such Statement, except such fees or disbursements as to which an objection has been served by a Reviewing Party as provided in subparagraph (b) below.

b.  If a Reviewing Party objects to the compensation or reimbursement sought in a Statement, the objecting party shall, within 15 days of the receipt of the Statement, serve via e-mail upon all other Reviewing Parties a written "Notice of Objection to Fee Statement" (the "<u>Objection Notice</u>") setting forth the precise nature of the objection and amount at issue.  Thereafter, the objecting party and the Professional whose Statement is the subject of an Objection Notice shall attempt to reach a resolution.  If the parties are unable to reach an agreement on the objection within ten (10) days after receipt of such objection, the Professional whose Statement is objected to shall have the option of (i) filing the Objection Notice with the Court, together with a request for payment of the disputed amount, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the issue if payment of the disputed amount is requested.  Debtors will be required to pay any portion of the fees and disbursements requested that are not the subject of an Objection Notice promptly.

c.  If these procedures are approved, the Professionals would be required to submit their first Statement on or before September 15, 2018.  This Statement would cover the period from the Petition Date through August 31, 2018.

d.  After the first 120 days after the Petition Date, and at 120-day intervals thereafter, each of the Professionals shall file with the Court and serve on the other Reviewing Parties, and any other party who requested special notice in this Chapter 11 Case, an application pursuant to Section 331 for interim Court approval and allowance of the compensation and reimbursement of expenses requested for the prior 120 days.  The first such application shall be filed on or before January 1, 2019, and shall cover the period form the Petition Date through November 30, 2018.  Any Professional who fails to file an application when due shall be ineligible to receive further interim payment of fees and expenses as provide herein until such time as the application is submitted.

4828-7651-7486, v. 1

e.  The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

f.  Neither the payment of, not the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

4.  Any Professionals approved by the Court and all other persons or professionals (other than the Professionals) seeking compensation pursuant to Section 503(b) of the Bankruptcy Code, except as otherwise ordered by the Court, are required to adhere to the procedures set forth herein for compensation and approval of their fees.

5.  Notice of hearings to consider interim fee applications is limited to only the Reviewing Parties and the Limited Service Lists (defined in the Notice Procedures attached as Exhibit A to Exhibit 1 to the *Motion for Order Pursuant to 11 U.S.C. §§ 102 and 105, Bankruptcy Rules 2002, 9007, and 9036 and Local Rule 1007 Authorizing the Establishment of Certain Notice Procedures and Approving the Publication Notice* filed herewith).

6.  Nothing herein or any payment made under the procedures herein shall be construed as (i) an admission as to the validity of any claim against Debtors; (ii) a waiver of Debtors' or any party-in-interest's rights to dispute any claim; or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under Section 365.

7.  Failure of a party in interest to object to fees on an interim basis as set forth herein does not constitute consent to any interim or final fee applications that might be made, it being expressly understood that all objections to such applications are hereby reserved until a final fee application is heard and decided by this Court.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP


By: */s/ Mark M. Weisenmiller*
    WILLIAM M. NOALL

4828-7651-7486, v. 1

| | |
|---|---|
| 1 | GABRIELLE A. HAMM |
| 2 | MARK M. WEISENMILLER |
|   | 650 White Drive, Suite 100 |
| 3 | Las Vegas, Nevada 89119 |
|   | *[Proposed] Attorneys for Debtor* |

4828-7651-7486, v. 1